IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL SEAN ELLIS,

    Petitioner,

v.                                            CASE NO. 3:15-cv-448-LC-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner raises one ground for relief in his Petition: the trial court erred in denying Petitioner's motion to suppress. (*Id.*) This matter is now before the Court on ECF No. 12, Respondent's Motion to Dismiss for Lack of Jurisdiction or Failure to State a Claim for Which Relief Can Be Granted and Incorporated Memorandum of Law. Respondent also attached relevant portions of the state-court record. (ECF No. 12-1 "Ex.") The Court twice ordered Plaintiff to show cause as to why the Petition should not be dismissed. (ECF Nos. 14,15.) As of the date of this Report and Recommendation, Plaintiff has failed to file a response. The motion is, therefore, ripe for review. For the

following reasons, the undersigned recommends that the motion to dismiss be granted.[1]

## State-Court Proceedings

Petitioner was arrested on February 7, 2013, following the issuance of a search warrant on January 30, 2013. (Ex. A at 1, 11–13.) All property seized during the search was noted on an inventory. (*Id.* at 14–20.) The State filed an information on March 28, 2013, charging Petitioner with four drug counts. (*Id.* at 1.) Petitioner was ultimately charged by amended information filed May 16, 2013, with one count of trafficking methamphetamine, one count of possessing methamphetamine, one count of possessing ephedrine, and one count of possessing pseudoephedrine. (*Id.* at 3.)

On July 25, 2013, Petitioner filed a motion to suppress evidence he believed was seized based on a search of a private residence without first knocking and announcing, in violation of the Fourth Amendment. (*Id.* at 24–26.) The trial court conducted an evidentiary hearing on the matter on August 22, 2013, and denied Petitioner's motion to suppress. (*Id.* at

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

27–107, 125–126.)  Petitioner then pled no contest to his charges on October 16, 2013. (*Id.* at 109–123.) During his plea, he reserved the right to appeal the court's ruling on his motion to suppress. (*Id.* at 111.) Petitioner was sentenced to seven years' imprisonment. (*Id.* at 159.)

On October 19, 2013, Petitioner filed a notice of appeal regarding the final denial of his motion to suppress. (*Id.* at 161.) Petitioner filed his initial brief in the District Court of Appeal for the First District of Florida ("First District") on February 10, 2014. (Ex. B.) Petitioner argued that the trial court erred in denying his motion to suppress evidence on the basis that the officers entered the motel room without knocking or announcing their presence. (*Id.*) The State filed an answer brief, and Petitioner replied. (Exs. C, D.) The First District affirmed per curiam on December 4, 2014, without a written opinion. (Ex. E.) The mandate followed on January 28, 2015. (*Id.*) Petitioner then filed the instant habeas petition on October 9, 2015. (ECF No. 1.)

## Discussion

Petitioner's sole claim in the instant habeas petition is that the trial court erred in denying his motion to suppress.  (ECF No. 1.)  The Supreme Court has held that a federal court cannot entertain a claim by a habeas

petitioner alleging a Fourth Amendment violation when the petitioner has had an opportunity for full and fair litigation of that claim in the state courts. *Stone v. Powell,* 428 U.S. 465, 494 (1976); *see also Bradley v. Nagle*, 212 F.3d 559, 564–65 (11th Cir. 2000) ("[S]o long as a defendant has had the opportunity to present his Fourth Amendment claims to the state trial and appellate courts, the objectives of the exclusionary rule have been satisfied."). "'[F]ull and fair consideration' in the context of the Fourth Amendment includes 'at least one evidentiary hearing in a trial court and the availability of meaningful appellate review when there are facts in dispute, and full consideration by an appellate court when the facts are not in dispute.'" *Bradley,* 212 F.3d at 564–65 (quoting *Caver v. Alabama*, 577 F. 2d 1188, 1191 (5th Cir. 1978)); *see also Caver*, 577 F.2d at 1192 ("If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes.").[2]

The record reveals that Petitioner filed a motion to suppress prior to

---

[2] The Eleventh Circuit has adopted the decisions of its predecessor court, the Fifth Circuit decided prior to September 30, 1981, as binding precedent. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

his no contest plea. (Ex. A at 24–26.) After an evidentiary hearing, the trial court denied the motion on its merits. (*Id.* at 27–107, 125–126.)  At the hearing, evidence was presented and arguments on the merits of his claim were heard. (*Id.* at 27–107.) The court then denied his motion on the merits following the hearing. (*Id.* at 125–126.). Accordingly, his motion to suppress was fully and fairly litigated at the trial court level, and the appellate court later affirmed this decision after reviewing briefs by Petitioner and the State.

Petitioner does not contend that he was denied the opportunity to present facts to the trial court or to argue the issue before an appellate court. He in fact did both. Rather, he challenges the decision of the trial court regarding his motion to suppress. The record demonstrates that Petitioner was afforded the opportunity to fully and fairly litigate his Fourth Amendment claim in state court. Accordingly, this Court is precluded from reviewing this claim on federal habeas review. *See Stone,* 428 U.S. at 494.

## **Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the

specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED**:

1. Respondent's Motion to Dismiss for Lack of Jurisdiction or Failure to State a Claim for Which Relief Can Be Granted and Incorporated Memorandum of Law, ECF No. 12, should be **GRANTED,** and the petition for writ of habeas corpus, ECF No. 1, should be **DISMISSED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 30th day of January 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.